## Miller v. Miller

*Ira A. LaBar*, for plaintiff.

*Clifton A. Cloud* and *Mervine & Wagner*, for defendant.

SHULL, P. J., August 9, 1939.—This matter comes before the court upon a motion and rule for judgment for want of sufficient affidavit of defense.

This action is brought to recover payments alleged to be due under the terms of a certain agreement between

plaintiff and defendant, said agreement being in writing and bearing date of January 24, 1933, in which, inter alia, is provided: "That defendant pay to plaintiff the sum of $50 per month for her support and maintenance." Plaintiff's statement alleges that under the terms of this agreement there was, at the time of the bringing of this suit, due and owing to her the sum of $3,100.

The rule before us raises but one question, namely, the validity of this agreement.

The affidavit of defense alleges in defense that the consideration passing between the parties to this agreement was the obtaining of a divorce by plaintiff from defendant. If that be true, then this agreement is a fraud upon the law, is against public policy, and cannot be enforced in an action at law. Such allegation in an affidavit of defense is sufficient to place at issue the question of the validity of the agreement and, if defendant's allegation be proven at the trial, it would be a complete defense to this action. It is urged that by reason of the fact that an action in divorce was brought by plaintiff against defendant in a proper court of the State of New York in which action a decree was entered, a part of which decree was as follows, to wit:

"And it is further ordered, adjudged and decreed that a certain written agreement, heretofore made and executed by and between Ruth Betz Miller and George Miller, defendant, bearing date the 24th day of January, 1933, with respect to the support and maintenance of the said plaintiff, by said defendant, be and the same is in all respects ratified, confirmed and adopted in lieu of any provision or direction for alimony or for support and maintenance," this judgment is involved as a judgment in this action.

The agreement entered into between these parties was entered into in the State of New York. The action in divorce was brought in the State of New York. The record discloses personal service upon defendant and the court of the State of New York had jurisdiction of the parties

and of the matter in controversy. The agreement in question was before the court in that proceeding and was ratified and confirmed so far as it related to the question of alimony or maintenance in the decree of the court of New York. It was adopted as a part of the court's decree and, therefore, becomes a judgment of that court. If this decree is to be ratified or set aside, that must be done either in the court in which it was entered or on an appeal in the proper appellate court; and, were this an action based upon the decree entered by the court of New York, then would that decree be entitled to full faith and credit in accordance with the constitutional provision, but even under such condition it does not of necessity follow that the judgment of a court may not be vacated if it be established that it was obtained through fraud or is a fraud upon the law. However, that question is not before this court in this action.

This action is based entirely upon the agreement, and the fact that the agreement was, in an action of divorce, ratified and confirmed, as above set forth, in lieu of alimony, has no bearing in this action. Plaintiff in this suit elected to rely and bring her action upon this agreement and not upon the judgment entered in her favor in the New York court. No matter what rights she may have acquired under the judgment, they would be of no avail in an action on this agreement as a contract unless, as a defense, performance, part performance, or a modification of the agreement could be shown. In this action, this agreement must stand or fall upon its own merits. That a court may have adopted it in determining alimony or maintenance, cannot give it, as an agreement, any greater strength or force than it had prior to such adoption when the agreement is made the basis of an independent action. What the effect might be upon the decree, were it established that this agreement was a fraud upon the court, is not before us in this action and we are not passing upon that question.

To the mind of the court, the defense alleged in this affidavit of defense is, if proven at the trial, a complete defense to this action for the reason that if this agreement was a fraud upon the court it is nudum pactum.

And now, August 9, 1939, rule for judgment for want of a sufficient affidavit of defense is dismissed.